IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAYMOND JACKSON,

    Plaintiff,

v.

CAMDEN COUNTY CORRECTIONAL
FACILITY; WARDEN DAVID OWENS,

    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-08868(JBS-AMD)

**OPINION**

APPEARANCES:

Raymond Jackson, Plaintiff Pro Se
239975C 77
Kintock Group
3 West Industrial Blvd.
Bridgeton, NJ 08302

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

    Plaintiff Raymond Jackson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden David Owens of the Camden County Correctional Facility ("CCCF").[1] Complaint, Docket Entry 1.

---

[1] The complaint's caption reads: "Camden County Correctional Facility (Warden) David Owens / Freeholders," but in ¶ 4 of the complaint, Plaintiff lists the "first"—and only—defendant as "David Owens," thus creating some confusion as to Plaintiff's intended defendants. Plaintiff's case has therefore been docketed with the CCCF and Warden David Owens as named defendants. Because the CCCF is not a person subject to suit under § 1983 in any event, *see Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) (citing *Fischer v. Cahill*, 474

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the complaint that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff alleges that he was detained in the CCCF from November 1998 to April 2000, in June 2007, from July 2009 to April 2010, and October 2010 to August 2012. Complaint ¶ 6. He further states: "The Camden County Jail was very corrupt and dirty and always overcrowded. I slept on urine stained floors with gnats flying around and spiders crawling all around the

---

F.2d 991, 992 (3d Cir. 1973), and because Plaintiff has neither included the Freeholders in ¶ 4 of the complaint nor made any allegations regarding the Freeholders anywhere in the complaint, the Court construes the complaint as seeking to state a claim against Warden David Owens rather than CCCF or the Freeholders. These issues do not affect the resolution of this matter, however.

cell. I was in a two man cell with four (4) occupants. There was no hot water in the cells. The showers were coated with mold. Alot [sic] of people had boils and other ailments that spread in an unclean environment. The trays we ate off of smelled like mildew and the food was served cold below the required temperature, which causes the symptoms of a food borne illness, such as nausea, diarhia [sic] and headaches. Alot [sic] of people got hurt, beaten bad in the jail, making me always feel in danger." *Id.*

### III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCCF from November 1998 to April 2000, in June 2007, from July 2009 to April 2010, and October 2010 to August 2012. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF, namely the alleged overcrowding, unsanitary conditions,

4

and unsuitable food, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired in 2002, 2009, 2012, and 2014, respectively, well before this complaint was filed in 2016. Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of November 1998 to April 2000, June 2007, July 2009 to April 2010, and October 2010 to August 2012. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V. CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**May 4, 2017**  **s/ Jerome B. Simandle**
Date  JEROME B. SIMANDLE
  Chief U.S. District Judge